**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Viviana Perez,

Plaintiff(s),

v.

Smith's Food & Drug Centers, Inc.,

Defendant(s).

Case No. 2:25-cv-02607-GMN-NJK

**Order**

[Docket No. 21]

Pending before the Court is Defendant's motion to exclude roughly $700,000 in damages as untimely disclosed. Docket No. 21. Plaintiff filed a response in opposition. Docket No. 23. Defendant filed a reply. Docket No. 24.

Defendant's motion for partial summary judgment remains pending, Docket No. 16, and trial has not been set. Discovery closed on August 14, 2026. Docket No. 15. On August 27, 2026, Plaintiff served a supplemental expert report identifying the additional damages now in dispute, which was predicated on medical appointments that had occurred in June and July. *See* Docket No. 21-1 at ¶ 5; *see also* Docket No. 21-13 (expert report dated August 24, 2026).[1,2] Hence, while an earlier supplemental disclosure would have been preferrable, the record reveals a supplemental disclosure made close to the discovery cutoff based on new information from the preceding two months.

A few years ago, the undersigned issued a lengthy decision recognizing dissonance in the caselaw in this District regarding motions to strike late-disclosed computations of damages and providing an extensive discussion of the undersigned's understanding of the law. *See Silvagni v.*

---

[1] Plaintiff formally supplemented her computation of damages on October 6, 2026, but there is no dispute that Defendant was on notice of the $700,000 in claimed damages from the supplemental expert report. Hence, the key date on which Defendant was apprised of the additional damages was August 27, 2026. *See* Fed. R. Civ. P. 26(e)(1)(A) (requiring supplementation when information has "not otherwise been made known to the other parties during the discovery process or in writing").

[2] The initial expert report is dated April 22, 2026. Docket No. 21-10.

*Wal-Mart Stores, Inc.*, 320 F.R.D. 237 (D. Nev. 2017).[3] In one portion of that decision, the Court explained as follows:

> In practice, exclusion sanctions are generally limited to "extreme situations." *See Tutor–Saliba*, 218 F.R.D. at 220-21; *see also Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (exclusion sanctions are harsh remedies that "should be imposed only in rare situations"). Absent a showing of bad faith or other misconduct, courts are leery of imposing the harsh sanction of exclusion absent a significant possibility of prejudice due to the untimeliness of the disclosure. Hence, "[c]ourts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed." *Jackson*, 278 F.R.D. at 594. "Lesser sanctions and other measures are generally more appropriate than evidence preclusion when the disclosure is provided during the discovery period and the delay can be remedied during the existing discovery period or with a limited and brief extension of discovery." *Jones*, 2016 WL 1248707, at *7 (citing *Granados v. N. Nev. High Speed, LLC*, Case No. 3:14-cv-00081-LRH-VPC, 2014 WL 5503118, at *5 (D. Nev. Oct. 30, 2014)); *see also Wilson v. Wal–Mart Stores, Inc.*, Case No. 2:15-cv-01791-RCJ-VCF, 2016 WL 4699693, at *3 (D. Nev. Sept. 7, 2016) (concluding that, even assuming a violation, the spirit of Rule 1 required extending discovery rather than excluding the vast majority of the plaintiff's claimed damages). "[E]ven in cases involving very belated disclosures of damages computations, the court should consider the degree of willfulness or bad faith by the plaintiff in failing to make the disclosure, the availability of lesser sanctions and other orders to prevent prejudice to the other party caused by the late disclosures." *Jones*, 2016 WL 1248707, at *7.
>
> There is good reason for courts to impose exclusion sanctions sparingly. Courts universally recognize the strong preference for deciding cases on the merits whenever reasonably possible. *E.g., Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). To that end, the discovery process should be marked by the practical cooperation of counsel to move the case beyond the discovery phase to summary judgment motions and trial so that the matter can be adjudicated on its merits. *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 141 F.Supp.3d 1137, 1145 (D. Nev. 2015). The parties themselves have a duty to work cooperatively toward the just, speedy, and inexpensive resolution of the litigation. *See* Fed. R. Civ. P. 1; *see also Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603–04 (D. Nev. 2016) (discussing the 2015 amendments to the Federal Rules of Civil Procedure). It must be emphasized that the initial disclosure requirements are meant to provide necessary information to create a balanced playing field, and sanctions serve as a deterrent to parties seeking to avoid those obligations. These Rules should not be viewed as procedural weapons through which parties seek to

---

[3] Not so long ago, the Court shared this exact passage with defense counsel in another case. *See Page v. Korger Co.*, 2025 WL 3017966, at *1-2 (D. Nev. Oct. 28, 2025).

> gain a tactical litigation advantage. The focus of defense counsel should be "work[ing] out agreements that will reasonably permit them to respond to newly disclosed evidence and defend the claims on the merits," rather than automatically resorting to motions for exclusion sanctions. *Jones*, 2016 WL 1248707, at *7; *see also* Docket No. 18 at 2 (highlighting this sentiment in this case to guide the conduct of counsel moving forward). An overly strict application of Rule 37(c)'s exclusion provision would incentivize defendants to shirk these duties and to instead focus their efforts on laying the groundwork for a later motion to exclude.

*Silvagni*, 320 F.R.D. at 243 (footnotes excluded). In a footnote toward the end of this section, the Court also explained that "courts are generally unimpressed by tenuous assertions of prejudice when any harm could have been minimized through the movant's prompt action in either obtaining a stipulation with opposing counsel or moving the Court for relief." *Id.* at 243 n.7.

Defendant's motion on its face recognizes some of these principles. *See* Docket No. 21 at 11 (quoting *Jones*, 2016 WL 1248707, at *4). The motion fails to adequately explain, however, how exclusionary sanctions would be an appropriate remedy given the timeline and procedural posture of the case. Moreover, although the motion appears to contemplate that discovery may be reopened, the motion does not meaningfully develop Defendant's alternative request for fees and costs. *See* Docket No. 21 at 16-17.

The Court does not herein resolve the pending motion practice. The Court issues this order to give counsel an opportunity to reconsider the relevant legal authority and to discuss "work[ing] out agreements that will reasonably permit [Defendant] to respond to newly disclosed evidence and defend the claims on the merits." No later than December 2, 2026, Defendant must file (1) a stipulation withdrawing its motion and proposing discovery relief to which the parties agree, or (2) a notice that Defendant wishes to proceed with resolution of the motion as already filed.[4]

IT IS SO ORDERED.

Dated: November 18, 2026.

Nancy J. Koppe
United States Magistrate Judge

[4] The Court is not inviting further argument on the pending motion. If Defendant continues to seek resolution of its motion, the notice so indicating shall not include any further argument.